THE CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, DEFENDANT.

CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF NEW JERSEY, AND THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, A MUNICIPAL CORPORATION OF NEW JERSEY, PROSECUTOR, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, DEFENDANT.

Argued October 2, 1940—Decided October 8, 1940.

Before Justices BODINE and PORTER.

For the prosecutor in Nos. 220-224, *James F. X. O'Brien* (*Joseph A. Ward* of counsel).

For the defendant in Nos. 220-224, *Herbert J. Hannoch,* for the cities of Elizabeth, New Brunswick, Trenton, Hackensack, Burlington, the towns of Montclair, Morristown and Westfield, the borough of Somerville, and 116 additional municipalities; *John F. Evans,* for the city of Paterson; *William Newcorn,* for the city of Plainfield, and *Joseph T. Karcher,* for the borough of Sayreville (*Herbert J. Hannoch* and *Morris Weinstein,* of counsel).

For the prosecutor in Nos. 228-232, *Edward P. Stout.*

For the defendants in Nos. 228-232, *Herbert J. Hannoch,* for the cities of Elizabeth, New Brunswick, Trenton, Hackensack, Burlington, the towns of Montclair, Morristown and Westfield, the borough of Somerville and 116 additional municipalities; *John F. Evans,* for the city of Paterson; *William Newcorn,* for the city of Plainfield; *Joseph T. Karcher,* for the borough of Sayreville (*Herbert J. Hannoch* and *Morris Weinstein,* of counsel).

PER CURIAM.

The writs of *certiorari* bring up for review the legality of the acts of the State Tax Commissioner in the apportionment among the various municipalities of the proceeds of taxes imposed upon franchises and gross receipts of New Jersey Bell Telephone Company, Public Service Electric and Gas Company and Public Service Co-ordinated Transport as provided for in chapters 4 and 5 of *Pamph. L.* 1940.

The cases were argued together and will be considered and disposed of in like manner.

The prosecutors attack the constitutionality of the legislative acts in question.

The legislature has tried on two occasions to provide a method of distribution of this tax money among the municipalities. First by chapters 7 and 8 of *Pamph. L.* 1938 and then by the enactment of the 1940 acts after the 1938 acts had been declared invalid by the Court of Errors and Appeals in *Hoboken* v. *Martin,* 123 *N. J. L.* 442. In the Hoboken case the court decided that the 1938 acts were unconstitutional

because they failed to set up a basic plan or standard for the fixing or ascertainment by the State Tax Commissioner of a unit or measure for a fair and equitable apportionment of the taxes and was thus an attempt to delegate legislative authority.

Other constitutional questions urged against the acts which had been decided in the Supreme Court (*Hoboken* v. *Martin*, 122 *N. J. L.* 264), to be without merit, were not passed upon by the Court of Errors and Appeals. Those same questions are again argued in the case at bar but we conclude are without merit for the reasons given by this court in the Hoboken case, *supra*, and which we think is binding on us.

The 1940 statutes do in fact fix standards of value of the properties of the utilities companies in question in the various municipalities for the purpose of enabling the State Tax Commissioner to use the same standard for the distribution of the gross receipts and franchise tax money to the municipalities.

It is the contention of the prosecutor that this basic standard is in violation of the State and Federal Constitution because it is discriminatory, arbitrary and fanciful. We think not. The method of distribution seems uniform, fair and an equitable apportionment.

The writs will be dismissed, with costs.